UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

TIMOTHY MCGEE,

        Plaintiff,                      Case No. 1:21-cv-1017

v.                                                   Honorable Ray Kent

DAVID DAWDY et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 7.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.     **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The events about which Plaintiff complains occurred at that facility and at other MDOC facilities where Plaintiff has been incarcerated over the past forty-five years. Plaintiff sues MDOC Director of Mental Health David Dawdy, an unnamed psychiatrist/psychologist from Duane Waters Hospital in Jackson, Jackson County, Michigan, an unnamed psychiatrist/psychologist at a "correctional facility" in Kincheloe, Chippewa County, Michigan, an unnamed psychiatrist/psychologist at the Marquette Branch Prison in Marquette, Marquette County, Michigan, and an unnamed "telemeds" psychiatrist/psychologist from "Earth (URF)[1] West & Eastside." (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he alleges that over the course of his approximately forty-five-year incarceration with the MDOC, "no one told [him] of the side effects" of his "psychotropic meds." (*Id.*, PageID.3.) Plaintiff states that he was first referred to the Duane Waters Hospital at Jackson Prison "by a[] correctional officer[] to be evaluated for a mental disorder." (*Id.*) Plaintiff was then evaluated and "put on []Prolicin[2] medication[] for about 7 months." (*Id.*) Thereafter, he was "hospitalized (admitted)" to Duane Waters Hospital and continued to receive "Prolicin." (*Id.*) While at the hospital, Plaintiff "refused to take the meds.[,]

---

[1] The MDOC uses the abbreviation "URF" to denote the Chippewa Correctional Facility. *See Chippewa Correctional Facility (URF)*, Mich. Dep't Corr., https://www.michigan.gov/corrections/0,4551,7-119-68854_1381_1385-5161--,00.html (last visited Feb. 1, 2022).

[2] Although Plaintiff identifies the medication at issue as "Prolicin," Plaintiff likely intended to reference "Prolixin," which is the brand name for a medication that is used to treat schizophrenia. *Fluphenazine (Prolixin)*, Nat'l All. on Mental Health, https://www.nami.org/About-Mental-Illness/Treatments/Mental-Health-Medications/Types-of-Medication/Fluphenazine-(Prolixin) (last visited Feb. 1, 2022).

so the[] []hospital[] called in a[n] outside judge who determined that [he] should be confined at the forensic center, where [he] would be forced to take his meds. int[ra]ven[]ously." (*Id.*)  Plaintiff was "there [for] about 6 months," and then he was "classified as an out-patient and[] sent back to Jackson Prison[] on meds.," including "Prolicin." (*Id.*)  Subsequently, Plaintiff "took the meds through the years[;] [a]lthough, [he] tried a number of times through the years to get off the meds." (*Id.*)

Plaintiff summarizes his incarceration at various MDOC facilities over the past forty-five years as follows:  "[f]rom (North Complex) Jackson Prison, inside the walls of Jackson Prison, Marquette Branch Prison, Trustee Div. Jackson, Marquette (Trustee Div.), Marquette behind the walls, Kinross, Riverside, Belamey Creek, Imax, Cotton[] Correctional Center, Earth (URF) – East & West, etc." (*Id.*)  Plaintiff alleges that during his incarceration at these various facilities, "[n]o one still had not warned [him] of the side-effects of the med[ications]," which included "possibly growing enlarged breasts and gaining [an] [ex]cessive amount of weigh[t]." (*Id.*)  Plaintiff states that he brings this lawsuit "for the negligenc[e] of not telling [him]/warning [him] of the possibility of after-effects from the drug Prolicin and similar drugs [that] the mental heath care psychiat[r]ist/PAs had [him] on for years without telling/warning of possible side-effects." (*Id.*, PageID.4.)  Plaintiff also states that he is "asking for judg[]ment of deliberate indifference [for] health care['s] negligence." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his rights under the Eighth Amendment, as well as under state law.  Plaintiff seeks damages, as well as declaratory and injunctive relief. (*Id.*)

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*

3

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Eighth Amendment**

Plaintiff states that he brings this lawsuit because he was "not [told] . . . of the possibility of after-effects from the drug Prolicin and similar drugs [that] the mental heath care psychiat[r]ist/PAs had [him] on for years."[3] (Compl., ECF No. 1, PageID.4.) Plaintiff asks "for judg[]ment of deliberate indifference [for] health care['s] negligence." (*Id.*)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what

---

[3] Plaintiff's claims against most of the named Defendants are likely untimely because the statute of limitations for civil rights suits filed in Michigan under § 1983 is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). However, because Plaintiff's complaint does not include references to specific dates, and it is possible that some of his claims could be timely, the court also addresses whether Plaintiff has stated a claim against Defendants upon which relief may be granted.

is detectable to the eye.  Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear.  *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).  If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer,* 511 U.S. at 835.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . :  A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"  *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

6

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*,

150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must demonstrate that the care the prisoner received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

As an initial matter, Plaintiff fails to specifically name any Defendant in the body of his complaint. Instead, without identifying any specific Defendants, Plaintiff makes a conclusory allegation that during his incarceration at various MDOC facilities over the past forty-five years, "no one told [him] of the side effects" of his "psychotropic meds.," which included "possibly growing enlarged breasts and gaining [an] [ex]cessive amount of weigh[t]." (Compl., ECF No. 1, PageID.3.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Here, Plaintiff's claims fall far

short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Additionally, to the extent that Plaintiff intended to hold Defendants liable for the actions of their subordinates, government officials, such as Defendants, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Moreover, Plaintiff's claims regarding the potential side effects of the psychotropic medications that he was prescribed during his forty-five-year incarceration with the MDOC are entirely conclusory. Although Plaintiff identifies potential side effects of the medications, including "possibly growing enlarged breasts and gaining [an] [ex]cessive amount of weigh[t]," he does not allege that he personally experienced any such side effects. (Compl., ECF No. 1, PageID.3); *see Farmer*, 511 U.S. at 834 (discussing that to satisfy the objective component of the applicable two-prong test, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm" (citation omitted)). Additionally, although Plaintiff does not specifically describe how Defendants were personally involved in the alleged deprivations of his rights, Plaintiff describes the failure to alert him to the possible side effects of his medications as "negligence." (Compl., ECF No. 1, PageID.4.) Such conclusory allegations fail to show that any named Defendants were deliberately indifferent to Plaintiff's health and safety. *See Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more blameworthy than negligence"); *see also Mason v. Eddy*, No. 1:18-cv-2968, 2019 WL 3766804, at *11 (N.D. Ohio Aug. 9, 2019) ("[T]he prescribing of drugs by a physician which causes side

9

effects does not constitute deliberate indifference." (citations omitted)).  The Court, therefore, will dismiss Plaintiff's Eighth Amendment claims against Defendants.

### III. State-law claims

In addition to Plaintiff's federal claims, Plaintiff also states that he brings this lawsuit "for the negligenc[e] of not telling [him]/warning [him] of the possibility of after-effects" from his medications.  (Compl., ECF No. 1, PageID.4.)  Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction.  Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims.  *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."  *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the

avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that all of Plaintiff's claims in the complaint will be dismissed. Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). In addition, Plaintiff's state-law claims against Defendants will be dismissed without prejudice to Plaintiff's ability to bring those claims in the state courts.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   February 3, 2022                              /s/ Ray Kent
                                                                    Ray Kent
                                                                    United States Magistrate Judge